

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2008

# Wright v. Dallas Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3300

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Wright v. Dallas Sch Dist" (2008). *2008 Decisions.* Paper 876.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/876

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-3300

KERRY A. WRIGHT,

Appellant

v.

THE DALLAS SCHOOL DISTRICT;
GILBERT R. GRIFFITHS;
MICHAEL J. SPEZIALE

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 05-CV-1197
District Judge: The Honorable Richard P. Conaboy

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 1, 2008

Before: RENDELL, SMITH and FISHER, *Circuit Judges*

(Filed: July 8, 2008)

OPINION

SMITH, *Circuit Judge*.

Kerry A. Wright is certified to teach music in Pennsylvania and served as a

substitute teacher in February and March of 2004 for the Dallas School District. When

the School District stopped calling Wright to substitute, she filed a complaint in the United States District Court for the Middle District of Pennsylvania against the School District, its superintendent, Gilbert R. Griffiths, and its assistant superintendent, Michael J. Speziale (collectively referred to as School District Defendants). She alleged that the School District discriminated against her in violation of the Americans with Disabilities Act (ADA), and the Pennsylvania Human Relations Act (PHRA) because she had cerebral palsy, which affected her speech and her ability to walk. She also averred that the School District Defendants were liable under 42 U.S.C. § 1985 for conspiring against her on the basis of her disability and under 42 U.S.C. § 1983 for violating her right to due process. In addition, she alleged that the School District Defendants were liable for intentional infliction of emotional distress (IIED) under Pennsylvania law. The School District Defendants moved for summary judgment on all of Wright's claims. In a thorough and well-reasoned Memorandum, the District Court granted summary judgment in favor of the School District Defendants. This timely appeal followed.[1]

Wright challenges the District Court's grant of summary judgment on her ADA claim, her § 1983 due process action, and her state tort claim for IIED.[2] We have

_____

[1]The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. Appellate jurisdiction exists under 28 U.S.C. § 1291. We exercise plenary review over a District Court's order granting a motion for summary judgment. *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005).

[2]Wright does not contend that the District Court erred by granting summary judgment for the School District Defendants on her PHRA and her § 1985 claims. For

2

carefully reviewed the record in this appeal and we conclude that the District Court did not err in granting summary judgment in favor of the School District Defendants.

The evidence of record fails to establish that Wright had a disability as defined by 42 U.S.C. § 12102(2)(A) and (B). Although Wright contends that she must have been "regarded as" having a disability under § 12102(2)(C), she fails to account for the affidavits from various school officials affirming that they were not aware of Wright's cerebral palsy. As the District Court explained in its Memorandum, Wright's speculation, without more, cannot create a material factual dispute sufficient to defeat summary judgment. *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990).[3]

Wright also challenges the District Court's grant of summary judgment in favor of the School District Defendants on her due process claim. She does not take issue, however, with the District Court's conclusion that she failed to establish that she had a property interest which entitled her to procedural safeguards. Instead, she contends that the School District can be liable under *Monell v. Department of Social Services*, 436 U.S.

that reason, we do not address these claims.

[3]Because we agree with the District Court that Wright did not establish that she had a disability as defined by the ADA, we need not address her contention that the School District failed to accommodate her or to engage in the interactive process required by 29 C.F.R. § 1630.2(o)(3). Nonetheless, we note that although Wright's appellate brief sets forth some of the applicable law regarding accommodation, it does not take issue with the District Court's conclusion that she never sought an accommodation from the School District. Thus, even if we had occasion to address Wright's accommodation claim, she failed to identify the issue on appeal that warrants disturbing the judgment of the District Court.

3

658 (1978), and reiterates the case law that requires a hearing if an employee has demonstrated a property interest. We agree with these concepts, but find them irrelevant unless there is a property interest present. Because Wright does not explain why the District Court erred in its assessment that she did not demonstrate such an interest, and because we have not divined such an interest after our review of the briefs and the record, we will not disturb the District Court's grant of summary judgment in favor of the School District Defendants.

Nor are we persuaded that the District Court improperly applied Rule 56 to Wright's IIED claim. As the District Court explained, Pennsylvania's Supreme Court has instructed that an IIED claim must be based on conduct that is outrageous and extreme in character. *Hoy v. Angelone*, 720 A.2d 745, 753-54 (Pa. 1998). The conduct at issue here was neither outrageous nor extreme.

Accordingly, for the reasons set forth above, we will affirm the judgment of the District Court entered in favor of the School District Defendants.